# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2016AP2017-CR |
| COMPLETE TITLE: | State of Wisconsin, |
| |      Plaintiff-Respondent, |
| |   v. |
| | Andre L. Scott, |
| |      Defendant-Appellant. |

ON BYPASS FROM THE COURT OF APPEALS

| | |
|---|---|
| OPINION FILED: | June 20, 2018 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | March 14, 2018 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | Circuit |
| COUNTY: | Milwaukee |
| JUDGE: | Jeffrey A. Kremers |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

For the defendant-appellant, there were briefs filed and an oral argument by *Colleen D. Ball*, assistant state public defender.

For the plaintiff-respondent, there was a brief filed by *Luke N. Berg*, deputy solicitor general, with whom on the brief were *Brad D. Schimel*, attorney general, and *Ryan J. Walsh*, chief deputy solicitor general. There was an oral argument by *Luke N. Berg*, deputy solicitor general.

**2018 WI 74**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2016AP2017-CR
(L.C. No. 2009CF136)

STATE OF WISCONSIN : IN SUPREME COURT

**State of Wisconsin,**

     **Plaintiff-Respondent,**

    **v.**

**Andre L. Scott,**

    **Defendant-Appellant-Petitioner.**

**FILED**

**JUN 20, 2018**

Sheila T. Reiff
Clerk of Supreme Court

APPEAL from an order of the Circuit Court for Milwaukee County. *Reversed and remanded.*

¶1 SHIRLEY S. ABRAHAMSON, J.   This is an appeal from an order of the Circuit Court for Milwaukee County, Jeffrey A. Kremers, Judge.   The circuit court ordered Andre Scott, the defendant, to be involuntarily medicated to competency for purposes of participating in postconviction proceedings after the circuit court found that he was not competent to proceed with his postconviction motion for relief and was not competent to refuse medication and treatment.

¶2 The defendant petitioned this court to bypass the court of appeals[1] and decide his appeal of the circuit court order requiring involuntary medication.[2] This court granted the petition, bypassing the court of appeals.

¶3 We reverse the order of the circuit court and remand the cause to the circuit court for proceedings consistent with this opinion.

¶4 The facts underlying the circuit court order that the defendant be involuntarily medicated to competency for purposes of assisting with his postconviction proceedings are simple and undisputed.

¶5 Several years after being convicted of battery, disorderly conduct, and kidnapping, the defendant, Andre Scott, sought to pursue postconviction relief. Having concerns about the defendant's ability to assist with postconviction proceedings, defendant's counsel asked for a competency evaluation.

¶6 In response to defense counsel's request, the circuit court held a hearing on the defendant's competency. After taking testimony, the circuit court ordered the defendant to be involuntarily medicated to competency for purposes of participating in postconviction proceedings.

---

[1] See Wis. Stat. § (Rule) 809.60 (2015-16).

[2] The circuit court stayed its involuntary medication order for 30 days so that the defendant could seek appellate relief.

¶7 The State initially defended the circuit court's involuntary medication order. Thereafter, the State argued that the involuntary medication order should be vacated because it was premature. The State acknowledged that the circuit court had failed to follow the procedure this court set forth in State v. Debra A.E., 188 Wis. 2d 111, 523 N.W.2d 727 (1994), for how to resolve competency issues at the postconviction stage of criminal proceedings.

¶8 We conclude, as the State urges, that because the circuit court did not follow the mandatory procedure set forth in Debra A.E., the circuit court's order that the defendant be involuntarily medicated to competency for purposes of assisting with postconviction proceedings was issued prematurely and is invalid.

¶9 Accordingly, we reverse the order of the circuit court and remand the cause to the circuit court for further proceedings consistent with this opinion.

¶10 The instant case presents us with four questions:

1. May a circuit court require a non-dangerous but incompetent defendant to be involuntarily treated to competency in the context of postconviction proceedings, and if so, is Wis. Stat. § 971.14(4)(b) (2015-16)[3] unconstitutional on its face because it does

---

[3] All subsequent references to the Wisconsin Statutes are to the 2015-16 version unless otherwise indicated.

3

not comport with the requirements announced in Sell v. United States, 539 U.S. 166 (2003)?

2. Is a circuit court order finding the defendant incompetent to proceed and requiring the defendant to be involuntarily treated to competency a final order for purposes of appellate review?

3. Did the court of appeals erroneously exercise its discretion when it denied a motion for relief pending appeal without explaining its reasoning?

4. Should involuntary medication or treatment orders be automatically stayed pending appeal?

¶11 We answer the questions presented as follows:

1. Before a circuit court can require a non-dangerous but incompetent defendant to be involuntarily treated to competency in the context of postconviction proceedings, the circuit court must follow the procedure this court established in State v. Debra A.E., 188 Wis. 2d 111, 523 N.W.2d 727 (1994). If Debra A.E. is applied properly, an order finding the defendant incompetent to seek postconviction relief ordinarily will not need to include an order for involuntary medication or treatment to restore competency. The circuit court erred in the instant case by failing to comply with the procedures established in Debra A.E.

2. The proceeding to determine whether a defendant is competent is separate and distinct from the

4

defendant's underlying criminal proceeding. Thus, an order that the defendant is not competent to proceed (and in the instant case, that the defendant should be medicated and treated to competency) is a final order issued in a special proceeding for purposes of appeal.[4]

3. The court of appeals erroneously exercised its discretion when it denied the defendant's motion for relief pending appeal without explaining its reasoning for its discretionary denial decision.

4. Involuntary medication orders are subject to an automatic stay pending appeal, which can be lifted upon a successful motion by the State.

¶12 Because we reverse the circuit court order on the ground that the circuit court did not comply with Debra A.E., we need not address the effect of Sell v. United States, 539 U.S. 166 (2003), on the constitutionality of Wis. Stat. § 971.14(4)(b). We adhere to the doctrine of constitutional

---

[4] Both the State and the defendant agree that that an involuntary medication order is immediately appealable. However, the parties propose alternative paths the court may take to hold that an involuntary medication order is immediately appealable. The defendant argues that an involuntary medication order is a final order that is appealable as a matter of right under Wis. Stat. § 808.03(1). The State argues that appeals from involuntary medication orders should be taken as interlocutory appeals. For the reasons set forth in this opinion, we agree with the defendant.

avoidance: A court ordinarily resolves a case on available non-constitutional grounds.[5]

I

¶13 The facts, for purposes of this review, are simple and undisputed. In 2009, the defendant, Andre Scott, was convicted of battery, disorderly conduct, and kidnapping.

¶14 In 2015, the defendant's counsel expressed concerns about the defendant's ability to assist with the postconviction proceedings and to make decisions committed by law to the defendant to a reasonable degree of rational understanding. Defense counsel asked for a competency evaluation of the defendant, and the circuit court granted the request.

¶15 During the competency evaluation, the evaluator testified that he did not consider the defendant dangerous or threatening; that although the defendant is not competent to proceed, the defendant's symptoms are treatable; that the defendant refused medication because he lacked insight into his illness and his need for treatment; and that it was likely that the defendant's competence to proceed could be restored with psychotropic treatment.

¶16 Defense counsel explained that the defendant was never found to be dangerous to himself or anyone else; that the

---

[5] "This court does not normally decide constitutional questions if the case can be resolved on other grounds." Adams Outdoor Advert., Ltd. v. City of Madison, 2006 WI 104, ¶91, 294 Wis. 2d 441, 717 N.W.2d 803 (quoting Labor & Farm Party v. Elections Bd., 117 Wis. 2d 351, 354, 344 N.W.2d 177 (1984)).

defendant did not want an involuntary medication order; and that the defendant likely would not have pursued an appeal if a medication order were required.

¶17 Nevertheless, the circuit court issued an order directing involuntary treatment after concluding that the defendant was not competent to proceed with his motion for postconviction relief and not competent to refuse medication and treatment. However, the circuit court stayed its involuntary medication order for 30 days so that the defendant could pursue appellate relief.

¶18 The defendant filed a petition for leave to appeal the circuit court order. Wis. Stat. § (Rule) 809.50. The court of appeals denied the defendant's petition for leave to appeal and lifted the circuit court's stay of the involuntary medication order.

¶19 The defendant then appealed the involuntary medication order as an appeal as a matter of right, Wis. Stat. § 808.03(1), and filed an emergency motion to stay the medication order pending appeal. The court of appeals denied the stay of the medication order but allowed the direct appeal to proceed. The court of appeals did not explain why it denied the defendant's motion to stay the medication order. As a result, the Department of Health Services began medicating the defendant.

¶20 The circuit court concluded that the defendant was competent to proceed after approximately seven months of treatment, and he is no longer subject to the involuntary medication order. However, the circuit court warned the

7

defendant that it could order him to submit to treatment again if he stops taking his medication and becomes incompetent.

II

¶21 First, we address the circuit court order for involuntary medication and treatment of the defendant.  We conclude that the circuit court erred by failing to follow the mandatory procedure this court established in Debra A.E. for a circuit court to require a non-dangerous but incompetent defendant to be involuntarily treated to competency in the context of postconviction proceedings.

¶22 Under Debra A.E., the circuit court order that the defendant is incompetent for purposes of appeal need not have included an order for treatment to restore competency. Ordinarily, the defendant is not needed to assist counsel in some or all issues involved in postconviction proceedings. Debra A.E., 188 Wis. 2d at 130.

¶23 Indeed, the court noted in Debra A.E., 188 Wis. 2d at 130, that instances in which a defendant may be involuntarily medicated to competency for purposes of appeal will be rare. The record in the instant case does not support the conclusion that the instant case is one of those rare instances in which the defendant may be involuntarily medicated to competency for purposes of appeal.

¶24 Debra A.E. fashioned a mandatory process for managing postconviction relief of allegedly incompetent defendants.  The process is designed to balance the interests of incompetent defendants in meaningful postconviction relief and the interest

of the public in expediting postconviction relief and reaching a final determination of the merits.  Debra A.E., 188 Wis. 2d at 119, 129-35.  Furthermore, the Debra A.E. court concluded that if this process were followed, a court order for treatment to restore competency will ordinarily be unnecessary because "[m]eaningful postconviction relief can be provided even though a defendant is incompetent."[6]

¶25  The process established by Debra A.E. is as follows:

- As soon as there is a good faith doubt about the defendant's competency to seek postconviction relief, defense counsel should promptly advise the appropriate court of this doubt (on the record) and move for a ruling on competency.[7]

- The court shall honor defense counsel's request when there is reason to doubt a defendant's competency.[8]

- To determine competency, the court may order an examination and hold a hearing.[9]

- The test for competency during postconviction proceedings is whether the defendant "is unable to assist counsel or to make decisions committed by law

---

[6] State v. Debra A.E., 188 Wis. 2d 111, 130, 523 N.W.2d 727 (1994).

[7] Id. at 131.

[8] Id.

[9] Id. at 131-32.

to the defendant with a reasonable degree of rational understanding."[10]

- When the issues in a postconviction proceeding rest on the record in the circuit court and involve no risk to the defendant, defense counsel can proceed with postconviction relief on a defendant's behalf even if the defendant is incompetent.[11]

- When the issues in a postconviction proceeding involve some risk to the defendant, these issues require the defendant's decision-making because whether to file an appeal and the objectives to pursue are decisions committed by law to the defendant.[12]

- If the defendant's assistance is needed for decision-making and the defendant is likely to attain competency in the near future, defense counsel may move for a continuance or an enlargement of time for filing the necessary notices or motions for postconviction relief or may seek the appointment of a guardian to make the decisions that the law requires the defendant to make.[13] If the defendant's assistance is needed to develop a factual foundation and the

---

[10] Id. at 126.

[11] Id. at 130.

[12] Id. at 126, 133-34.

[13] Id. at 135.

10

defendant is not likely to attain competency in the near future, these issues can be raised at a later proceeding in a § 974.06 motion if the defendant regains competency.[14]

¶26 Because the procedure mandated by this court in Debra A.E. was not followed in the instant case, we conclude, as did the State, that the involuntary medication order was issued prematurely and is invalid. Specifically, the circuit court acted prematurely by ordering that the defendant be medicated to competency without determining whether and to what extent postconviction proceedings could continue despite the defendant's incompetency. As we explained in Debra A.E., "[m]eaningful postconviction relief can be provided even though a defendant is incompetent[,]" and the process through which circuit courts and counsel manage the postconviction relief of incompetent defendants will not ordinarily need to include a court order for treatment to restore competency. Debra A.E., 188 Wis. 2d at 129-30.[15]

---

[14] Id. at 135.

[15] Because we reverse the circuit court order on the ground that the circuit court did not adhere to the procedures set forth in Debra A.E., we need not address the effect of Sell v. United States, 539 U.S. 166 (2003), on the constitutionality of Wis. Stat. § 971.14(4)(b). As we stated previously, a court avoids a decision regarding the constitutionality of a statute when the court can decide the case on non-constitutional grounds. Adams Outdoor Advert., Ltd. v. City of Madison, 2006 WI 104, ¶91, 294 Wis. 2d 441, 717 N.W.2d 803 (quoting Labor & Farm Party v. Elections Bd., 117 Wis. 2d 351, 354, 344 N.W.2d 177 (1984)).

11

III

¶27 The second issue we address is whether the circuit court order finding the defendant incompetent to proceed and requiring the defendant to be involuntarily treated to competency is a final order for purposes of appellate review.

¶28 The status of an order as a final order for purposes of appeal is a question of law that this court decides independently of the circuit court or court of appeals but benefitting from their analyses.[16]

¶29 The State argues that appeals from involuntary medication orders should be taken as interlocutory appeals. The defendant argues that these appeals should be brought as a matter of right under Wis. Stat. § 808.03(1) as an appeal of a final order of a special proceeding.[17] For the following reasons, we agree with the defendant.

¶30 A final circuit court order is appealable as of right. Wis. Stat. § 808.03(1).[18] A final circuit court order is defined

---

[16] Admiral Ins. Co. v. Paper Converting Mach. Co., 2012 WI 30, ¶22, 339 Wis. 2d 291, 811 N.W.2d 351.

[17] The defendant and the State agree that the court should rule that involuntary medication orders are immediately appealable. They point out that, as a practical matter, if an order that the defendant be treated to competency is not immediately reviewable, the order is effectively unreviewable because the defendant will have already been forced to undergo involuntary medication or treatment while the appeal proceeds.

[18] A non-final circuit court order is not appealable as of right but only on leave of the court of appeals. Wis. Stat. § (Rule) 809.50.

in Wis. Stat. § 808.03(1) as "a judgment, order or disposition that disposes of the entire matter in litigation as to one or more of the parties . . . ."

¶31 The order of the circuit court in the competency proceeding at issue disposed of the entire matter in litigation between the parties, namely the question of the defendant's competency to assist with postconviction proceedings and the defendant's competency to refuse medication or treatment. An appeal of an involuntary medication order is best classified as a final order from a special proceeding.

¶32 In Voss v. Stoll, 141 Wis. 267, 124 N.W. 89 (1910), we explained that "[t]he test to be applied in determining the nature of any judicial remedy, as regards whether it is a special proceeding, is whether it is a mere proceeding in an action, or one independently thereof or merely connected therewith." Voss, 141 Wis. at 271 (emphasis added).

¶33 The competency proceeding is not part of the defendant's underlying criminal proceeding; it is "merely connected" to it. The competency proceeding resolves an issue separate and distinct from the issues presented in the defendant's underlying criminal proceeding. Thus, while the criminal proceeding and the competency proceeding are "related"[19] or "connected"[20] to one another, the competency proceeding is

---

[19] Ernst v. The Steamer "Brooklyn", 24 Wis. 616, 617 (1869).

[20] Voss v. Stoll, 141 Wis. 267, 271, 124 N.W. 89 (1910); Witter v. Lyon, 34 Wis. 564, 574 (1874).

properly "treated as being commenced independently of any other action or proceeding." State v. Alger, 2015 WI 3, ¶76, 360 Wis. 2d 193, 858 N.W.2d 346.

¶34 Thus, we conclude that the order determining incompetency and, in the instant case, mandating involuntary medication or treatment to restore competency is a final order issued in a special proceeding and is appealable as of right pursuant to Wis. Stat. § 808.03(1).[21]

IV

¶35 The third issue relates to the court of appeals' denying the defendant's motion for a stay of the involuntary medication order pending appeal.[22]

---

[21] Concluding that involuntary medication orders are final orders from special proceedings does not contradict our holding in State v. Alger, 2015 WI 3, 360 Wis. 2d 193, 858 N.W.2d 346. The Alger case involved petitions to discharge involuntary commitments under Chapter 980. The Alger court held that those petitions did not commence "actions" or "special proceedings" because those petitions were continuations of the initial underlying commitment proceeding. Alger, 360 Wis. 2d 193, ¶26. The Alger decision did not overrule Voss v. Stoll, 141 Wis. 267, 124 N.W. 89 (1910); in fact, Alger partially relied on Voss. Alger, 360 Wis. 2d 193, ¶¶29, 76.

In the instant case, the competency proceeding is not a continuation of the defendant's underlying criminal case. Indeed, the defendant's postconviction proceedings were suspended during the pendency of the competency proceeding. The competency proceeding in the instant case, unlike the discharge petitions in Alger, resolved an issue separate and distinct from the issues presented in the defendant's postconviction proceedings.

[22] See Wis. Stat. § 808.07, § (Rule) 809.12 (enabling the court of appeals to grant relief from a circuit court order pending appeal).

14

¶36 In determining whether to grant relief pending appeal, the court of appeals exercises its discretion. An appellate court reviews a circuit court's order on a motion for stay for an erroneous exercise of discretion. Weber v. White, 2004 WI 63, ¶18, 272 Wis. 2d 121, 681 N.W.2d 137.

¶37 In the instant case, the court of appeals did not explain its reasons for exercising its discretion to deny the defendant's motion for a stay of the involuntary medication order pending appeal.

¶38 Our jurisprudence governing the proper exercise of circuit court discretion is instructive in determining whether the court of appeals must explain the reasons underlying its discretionary decision-making. The case law is clear that a circuit court's discretionary decision "is not the equivalent of unfettered decision-making."[23] When a circuit court exercises its discretion, it must explain on the record its reasons for its discretionary decision "to ensure the soundness of its own decision making and to facilitate judicial review."[24]

¶39 The circuit court's explanation on the record of its exercise of discretion must demonstrate that the circuit court examined the relevant facts, applied a proper standard of law, and used a rational process to arrive at a conclusion that a

---

[23] Hartung v. Hartung, 102 Wis. 2d 58, 66, 306 N.W.2d 16 (1981); see also Klinger v. Oneida Cty., 149 Wis. 2d 838, 846, 440 N.W.2d 348 (1989).

[24] Klinger, 149 Wis. 2d 838, 847, 440 N.W.2d 348 (1989).

reasonable judge would make.[25] If a circuit court fails to explain its exercise of discretion on the record, it has erroneously exercised its discretion.[26]

¶40 The parties have not offered any case (and we have found none) that requires the court of appeals to explain the reasons underlying its discretionary decisions. However, the justification that this court has relied upon to require a circuit court to explain its discretionary decision-making applies equally to the court of appeals. The court of appeals should explain its discretionary decision-making to ensure the soundness of that decision-making and to facilitate judicial review.

¶41 We therefore conclude that the court of appeals' failure to explain its exercise of discretion in the instant case is an erroneous exercise of discretion.

V

¶42 Before concluding, we address the fourth and final issue: whether involuntary medication orders should be stayed automatically pending appeal as suggested by Scott.

¶43 Pursuant to Article VII, Section 3 of the Wisconsin Constitution, this court has superintending authority "that is indefinite in character, unsupplied with means and

---

[25] Weber v. White, 2004 WI 63, ¶18, 272 Wis. 2d 121, 681 N.W.2d 137.

[26] State ex rel. Johnson v. Williams, 114 Wis. 2d 354, 356-57, 338 N.W.2d 320 (1983).

instrumentalities, and limited only by the necessities of justice." Arneson v. Jezwinski, 206 Wis. 2d 217, 225, 556 N.W.2d 721 (1996). Pursuant to that authority, we hereby order that involuntary medication orders are subject to an automatic stay pending appeal.

¶44 The reasoning for our decision is simple——if involuntary medication orders are not automatically stayed pending appeal, the defendant's "significant" constitutionally protected "liberty interest" in "avoiding the unwanted administration of antipsychotic drugs" is rendered a nullity. Sell, 539 U.S. at 177 (quoting Washington v. Harper, 494 U.S. 210, 221 (1990)).

¶45 The State shall have the opportunity to move to lift the stay, and the merits of the State's motion shall be governed by the legal standard set forth in State v. Gudenschwager, 191 Wis. 2d 431, 529 N.W.2d 225 (1995), as modified by the instant opinion.

¶46 In Gudenschwager, we explained that a stay pending appeal is appropriate where the moving party:

(1) makes a strong showing that it is likely to succeed on the merits of the appeal;

(2) shows that, unless a stay is granted, it will suffer irreparable injury;

(3) shows that no substantial harm will come to other interested parties; and

(4) shows that a stay will do no harm to the public interest.

17

Gudenschwager, 191 Wis. 2d at 440. However, because involuntary medication orders are automatically stayed pending appeal, these factors must be slightly modified to accurately explain what the State must show in its motion to lift the stay.

¶47 On a motion to lift an automatic stay pending appeal of an involuntary medication order, the State must:

(1)  make a strong showing that it is likely to succeed on the merits of the appeal;

(2)  show that the defendant will not suffer irreparable harm if the stay is lifted;

(3)  show that no substantial harm will come to other interested parties if the stay is lifted; and

(4)  show that lifting the stay will do no harm to the public interest.

¶48 Whether to grant the State's motion is a discretionary decision, and as we explained above, the court of appeals must explain its discretionary decision to grant or deny the State's motion.

VI

¶49 Because the procedure mandated by this court in Debra A.E. was not followed in the instant case, we conclude, as did the State, that the involuntary medication order was issued prematurely and is invalid. We reverse the order of the circuit court and remand the cause to the circuit court for proceedings consistent with this opinion.

¶50 *By the Court.*—The order of the circuit court is reversed and the cause remanded.

18