# COURT OF APPEALS
## DECISION
## DATED AND FILED

## August 10, 2021

Sheila T. Reiff
Clerk of Court of Appeals

## NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1367-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2020CF149

IN COURT OF APPEALS
DISTRICT III

---

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

PETER D. FARNSWORTH,

   DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Sawyer County: JOHN M. YACKEL, Judge. *Reversed and cause remanded for further proceedings*.

Before Stark, P.J., Hruz and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Peter Farnsworth appeals an order committing him for treatment in order to restore him to competency to proceed in his criminal case, and subjecting him to involuntary medication. Farnsworth argues the circuit court erroneously ordered his involuntary medication under WIS. STAT. § 971.14(2)(f) (2019-20).[1] The State concedes, and we agree, that the court erroneously exercised its discretion under § 971.14(2)(f) because the court had already found Farnsworth to be incompetent and he was no longer under an order for competency examination. Because we resolve Farnsworth's appeal on statutory grounds, we adhere to the doctrine of constitutional avoidance and we decline to address Farnsworth's other argument that § 971.14(2)(f) is facially unconstitutional. We reverse the court's order for involuntary medication and remand for further proceedings consistent with this opinion.

¶2 Farnsworth also contends the circuit court erred by denying his motion to stay the involuntary medication order pending this appeal. The court's decision to deny a stay, however, is moot. Because we stayed the involuntary medication order pending appeal and because we reverse the involuntary medication order in this decision, resolution of this issue will have no practical effect on the underlying controversy.

**BACKGROUND**

¶3 On May 23, 2020, Farnsworth allegedly stabbed and attacked his mother and father. Although Farnsworth's mother survived, his father succumbed to his injuries and died. Farnsworth allegedly called dispatch to report the

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

stabbing, and he reported that "the threat had been neutralized." The State subsequently charged Farnsworth with one count each of first-degree intentional homicide, attempted first-degree intentional homicide, and aggravated battery.

¶4 At Farnsworth's initial appearance, the circuit court ordered a competency examination to determine whether Farnsworth was competent to proceed to trial. Psychologist Rebecca Seifert Lynch evaluated Farnsworth and completed a competency report. She concluded that Farnsworth was not competent to proceed, but he would likely become competent within the permissible time frame if he received psychiatric treatment.

¶5 On July 9, 2020, the circuit court held a competency hearing. Farnsworth disputed Seifert Lynch's conclusions, and he stated that he was competent. To prove Farnsworth's incompetency, the prosecutor called Seifert Lynch to testify. Seifert Lynch expressed concern that Farnsworth consistently verbalized "delusional beliefs" and that those beliefs "influenced his ability to discuss his case in a rational manner." She testified that Farnsworth's delusions interfered with his ability to cooperate, assist, and accept advice from legal counsel. Consistent with her report, Seifert Lynch opined that Farnsworth was not competent to proceed, but he could be restored to competency with inpatient treatment.

¶6 The State also questioned Seifert Lynch regarding Farnsworth's dangerousness. Although Farnsworth had previously given "mixed messages" regarding plans to harm himself, Seifert Lynch testified that "he did not have an imminent plan to harm himself." She also testified that Farnsworth previously stated "he did not see the need to harm others" and believed "the threat had been neutralized." Despite those statements, Seifert Lynch expressed concern that

Farnsworth "[was] a risk to others" because of "his growing delusional beliefs." She agreed with the prosecutor that Farnsworth's "delusional thinking is of such a nature to lead him to potentially physically harm himself or others."

¶7 Based on Seifert Lynch's testimony, the prosecutor argued that Farnsworth was incompetent and should be subject to an involuntary medication order. The prosecutor did not, however, seek the involuntary medication order under WIS. STAT. § 971.14(3)(dm) because he did not believe he could satisfy the factors under *Sell v. United States*, 539 U.S. 166 (2003). Instead, he argued that the court should order involuntary medication under § 971.14(2)(f). Farnsworth's attorney argued that Farnsworth was competent, but he never responded to the prosecutor's argument regarding involuntary medication under § 971.14(2)(f).

¶8 At the conclusion of the hearing, the circuit court found that Farnsworth was not competent to proceed, and it ordered him committed for treatment. Relying on WIS. STAT. § 971.14(2)(f), the court also ordered involuntary medication because it found that "medication [was] necessary to prevent physical harm to [Farnsworth] or others."

¶9 Farnsworth subsequently moved the circuit court to stay its order of commitment for treatment, which included the involuntary medication order, while he appealed. On August 7, 2020, the court denied Farnsworth's motion. Farnsworth then filed a notice of appeal that same day and moved this court for a stay of the involuntary medication order pending appeal. We granted a temporary stay of that order to allow for further briefing on the motion. After the State informed us that it did not contest the motion, we granted a stay of the involuntary medication order pending the disposition of this appeal.

4

## DISCUSSION

¶10     We begin by first determining whether the circuit court erred when it subjected Farnsworth to an involuntary medication order under WIS. STAT. § 971.14(2)(f).  Although both parties agree the court erred, they do so for different reasons.  Farnsworth argues that the court relied on an improper legal standard when issuing the order under subsec. (2)(f) and that insufficient evidence existed to support an order under that subsection.  The State, on the other hand, contends more simply that the court erred in its interpretation and application of subsec. (2)(f).  The State argues subsec. (2)(f) applies only during the time period in which the defendant is ordered to undergo a competency examination.  The State therefore argues subsec. (2)(f) does not apply to a defendant, like Farnsworth, who has already been found incompetent and committed for treatment under § 971.14(5).

¶11     We agree with the State that Farnsworth's appeal can be resolved through the proper interpretation and application of WIS. STAT. § 971.14(2)(f).[2] Statutory interpretation and the application of a statute to a given set of facts are questions of law that we review de novo.  *State v. Wiskerchen*, 2019 WI 1, ¶16, 385 Wis. 2d 120, 921 N.W.2d 730.

¶12     WISCONSIN STAT. § 971.14(2)(f) provides that "[a] defendant ordered to undergo examination under [§ 971.14] may receive voluntary treatment appropriate to his or her medical needs" or may be involuntarily medicated "in a

---

[2] Because we agree with the State's statutory interpretation argument and we reverse the circuit court's order, we need not address Farnsworth's arguments on this issue.  *See Turner v. Taylor*, 2003 WI App 256, ¶1 n.1, 268 Wis. 2d 628, 673 N.W.2d 716 (court of appeals need not address all issues raised by the parties if one is dispositive).

situation where the medication or treatment is necessary to prevent physical harm to the defendant or others." Section 971.14 establishes the mechanism by which to determine whether the defendant in a criminal case is competent to proceed. *State v. Luttrell*, 2008 WI App 93, ¶6, 312 Wis. 2d 695, 754 N.W.2d 249. Thus, the plain language of subsec. (2)(f) only applies to a defendant ordered to undergo a competency examination under § 971.14. In other words, subsec. (2)(f) does not apply to a defendant who is not presently ordered to undergo a competency examination under § 971.14.

¶13 Although the circuit court had previously ordered Farnsworth to undergo a competency examination, Farnsworth was no longer subject to that order by the time the court ordered involuntary medication under WIS. STAT. § 971.14(2)(f). Rather, Seifert Lynch had already completed a competency examination and testified at the competency hearing. Based on Seifert Lynch's testimony, the court found that Farnsworth was not competent to proceed to trial and ordered that he be committed for treatment to return him to competency. The court then—after finding Farnsworth incompetent—ordered that Farnsworth could not refuse medication because the medication was necessary to prevent physical harm to himself or others. Because the court had already completed an examination and found Farnsworth to be incompetent, however, by statute he was no longer a defendant ordered to undergo examination under § 971.14. The court therefore erred when it concluded that Farnsworth could be involuntarily medicated under subsec. (2)(f). Accordingly, we reverse the court's involuntary medication order and remand for further proceedings consistent with this opinion.

¶14 The parties also dispute whether WIS. STAT. § 971.14(2)(f) is facially unconstitutional, either on due process grounds or equal protection grounds. We normally do not decide constitutional questions if the case can be

resolved on other grounds. ***Labor & Farm Party v. Elections Bd., State of Wis.***, 117 Wis. 2d 351, 354, 344 N.W.2d 177 (1984). Because we reverse the circuit court's involuntary medication order on statutory grounds, we adhere to the doctrine of constitutional avoidance and decline to address the parties' constitutional arguments. *See* ***State v. Scott***, 2018 WI 74, ¶12, 382 Wis. 2d 476, 914 N.W.2d 141.

¶15    Finally, we address the parties' arguments regarding whether the circuit court erred when it declined to stay the involuntary medication order pending this appeal. Farnsworth argues the court erred in denying the stay because he was entitled to an automatic stay under ***Scott***. He also argues the court improperly placed the burden on him to satisfy the factors outlined in ***State v. Gudenschwager***, 191 Wis. 2d 431, 529 N.W.2d 225 (1995). The State responds by contending that those issues are moot because we granted a stay pending appeal, which was the same relief Farnsworth sought from the circuit court.[3] In reply, Farnsworth asserts that we should nevertheless address his arguments because the circuit court will likely address issues regarding competency and involuntary medication on remand. He argues his case is distinguishable from ***State v. Fitzgerald***, 2019 WI 69, 387 Wis. 2d 384, 929 N.W.2d 165, because he has not yet regained competency, nor has he pled guilty. Farnsworth also argues that we should clarify when an automatic stay under ***Scott*** occurs.

---

[3] Although the prosecutor argued to the circuit court that the automatic stay in ***State v. Scott***, 2018 WI 74, 382 Wis. 2d 476, 914 N.W.2d 141, does not apply to involuntary medication orders under WIS. STAT. § 971.14(2)(f), the State concedes on appeal that ***Scott***'s automatic stay requirement "applies to *all* involuntary medication orders." The State also concedes on appeal— again contrary to the prosecutor's argument to the circuit court—that the defendant need not satisfy the factors outlined in ***State v. Gudenschwager***, 191 Wis. 2d 431, 529 N.W.2d 225 (1995), before obtaining an automatic stay. The State notes, however, that ***Scott*** "did not specify what triggers an automatic stay pending appeal of an involuntary medication order."

¶16    "An issue is moot when its resolution will have no practical effect on the underlying controversy." *Fitzgerald*, 387 Wis. 2d 384, ¶21 (citation omitted). A decision will have no practical effect on the underlying controversy if an appellant is no longer subject to the appealed order. *See id.* Generally, we decline to reach moot issues. *Id.*

¶17    We granted Farnsworth the precise relief that he sought from the circuit court on this issue—a stay of the involuntary medication order pending appeal. Because we reverse the circuit court's involuntary medication order, Farnsworth is therefore no longer subject to that order on remand. Thus, any decision on whether the court erred in denying the stay would have no practical effect on the underlying controversy. Although the court might again consider involuntary medication on remand, this possibility does not preclude us from concluding that this issue is currently moot. We cannot predict what will occur on remand or whether the issue of staying an involuntary medication order pending appeal will arise again. Because we previously granted a stay pending appeal and because Farnsworth is not currently subject to an involuntary medication order, the issue is moot.

¶18    Our conclusion is consistent with *Fitzgerald*. In *Fitzgerald*, our supreme court concluded that the issues presented in that appeal were moot because the defendant was no longer subject to the medication order, as a result of him regaining competency and pleading guilty. *Id.* Although Farnsworth may not have regained competency or pled guilty, we have reversed the circuit court's operative involuntary medication order. Therefore, Farnsworth is no longer subject to the appealed order, just like the defendant in *Fitzgerald*. *See id.* As such, Farnsworth's appeal on this issue is moot.

*By the Court.*—Order reversed and cause remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.