Voss, Respondent, vs. STOLL and another, Executors, imp., Appellants.

*December 9, 1909—January 11, 1910.*

*Action: Abatement and revival: Special proceeding: Appealable order.*

1. A proceeding to revive an action as to a deceased party is a special proceeding, and a final order granting or refusing the request is appealable, but an intermediate order contemplating further judicial action in the matter is not.
2. A motion to revive an action as to a deceased party is addressed to the sound discretion of the court.
3. When it is not reasonably necessary to revive an action as to a deceased party for the due protection of the one requesting the revival, the request should not be granted.

[Syllabus by MARSHALL, J.]

APPEAL from an order of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Appeal dismissed.*

Action commenced by one nonresident against two others to enforce a cause of action for wrongful conversion of personal property. Service of the summons was made on James S. Stoll, one of the defendants, while he was temporarily in this state solely to obtain medical treatment for something akin to insanity. Service was not made on the other defendant. The one served was duly arrested, pursuant to the statute in such cases. He secured his release by giving cash bail in the sum of $2,000. He appeared in the action by attorneys, but died without answering. Thereafter an affidavit, showing the fact of service and that of death, was served on the attorneys who had appeared for the defendant served, with a notice to the effect that application would be made to the court for leave to continue the action against the personal representative of the deceased, who resided in a sister state where the estate was in process of administration, and to permit of a proper amendment of the record being made, and that, unless such representative showed cause to the contrary within twenty days after the service, exclusive of the day thereof, the action would be deemed revived and would stand accordingly. Such notice was duly placed in the hands of the proper officer in this state for service, who made due return, that neither the representative nor Charles H. Stoll, defendant not served, could be found in this state and that neither of them resided therein. Thereafter, on an affidavit on behalf of plaintiff setting forth only the facts aforesaid, an order was made for service of the notice on defendant *John G. Stoll* and on the personal representative of the deceased, James S. Stoll, by publication or service outside of the state as in case of service of a summons upon nonresident defendants.

On the hearing of the application due proof was made of service of the notice and affidavit upon the attorney who appeared for James S. Stoll in his lifetime and upon the per-

sonal representative.    Proof was also made that the cause of
action was one which survived according to the law of the
state where it arose as well as under the law of this state.
There was also due proof that the deceased left no property
in this state; that all property left by him came to the posses-
sion of his personal representative outside of this state, who
resided in Kentucky; that the administration of the estate was
under judicial supervision wholly in that state; that the de-
fendant not served was within easy reach of the plaintiff for
any judicial proceeding he might be competent to commence
to enforce his claim; and that such defendant was able to
respond for any sum that might be adjudged against him at
plaintiff's suit.    Plaintiff gave as a reason for seeking to en-
force his claim in this state instead of that where the cause of
action arose, that he feared he could not obtain justice in the
latter state because of the personal influence of the Stolls and
their friends.    There was further proof that in an action in a
competent court in the state of Kentucky, but in which the
plaintiff was not a party, the title to the property alleged to
have been wrongfully converted was adjudged to be in James
S. Stoll; that such property, certain warehouse receipts, was
ordered to be and was filed in court, and plaintiff, though hav-
ing notice of all such facts, made no move to recover of de-
fendants till some over two years after the alleged conversion
and till James S. Stoll chanced to be, temporarily, in this
state for treatment for partial insanity, which soon thereafter
totally incapacitated him for business and terminated in his
death.

The personal representatives of the deceased defendant ap-
peared only for the purpose of opposing the motion.    The
court at first disposed of the matter as indicated in the follow-
ing language:

"Under our statutes, secs. 2800, 2803, and 3267, and in
furtherance of justice, this action should be revived against
the representatives of the deceased defendant.

"The motion to revive, etc., by plaintiff is therefore granted. I rest this decision upon the case of *Brown v. Brown,* 35 Minn. 191, 28 N. W. 238."

Later a formal order was entered that the personal representatives appear and answer within a time named, or "in default thereof the plaintiff may apply to the court for an order entering their appearance and directing the action to stand revived and continued," etc.

From such order this appeal was taken.

For the appellants there was a brief by *Miller, Mack & Fairchild,* and oral argument by *W. F. Adams.*

For the respondent there was a brief by *Julius E. Roehr,* and oral argument by *C. Steinmetz, Jr.*

MARSHALL, J.   The order did not "terminate the action and prevent a judgment from which an appeal might be taken;" satisfying subd. 1, sec. 3069, Stats. (1898).   Unless it is a "final order affecting a substantial right," made in a special proceeding; satisfying the next subdivision of the appeal statute, the appeal must be dismissed.

The cause of action was one which survives, as appears, under the law of the state where it arose as well as under the law of this state.

Sec. 2800, Stats. (1898), provides that "an action does not abate by the death of a party" thereto in such cases as this, but it may be revived or continued in the manner provided in sec. 2803, or that provided in sec. 2810 of the statutes.

The words, "shall not abate" in the first section, and the words, "on motion . . . may allow or compel the action to be continued," etc., in the second section and the terms, "revived or continued" and "stand revived or continued," in the third section must be construed together.   So construed the meaning of the written law is that, in the circumstances of this case, till changed by order of the court under the statute, the action is to be regarded as practically dead, though really only

in a terminable slumber. That is, the idea of the statutory terms, "shall not abate" but "may be revived" means that though it shall die yet it may live again. That renders logical the doctrine that, in general, any judicial act, in a case of this sort, after the death of a party, before the action shall have been revived as to him, is a nullity as regards his personal representative. *La Pointe v. O'Malley,* 47 Wis. 332, 339, 2 N. W. 632. There the court, in effect, decided that the real meaning of the statute is that, in the circumstances here, the action is not finally but is temporarily abated. Therefore, until it is revived by judicial act, there is no action, strictly speaking, in which a motion can be made. So the proceeding required to revive is one outside of any action and for the purpose of restoring to the inanimate thing, as it were, the breath of life. Such proceeding can only properly be denominated a special proceeding under sec. 2596, Stats. (1898).

The test to be applied in determining the nature of any judicial remedy, as regards whether it is a special proceeding, is whether it is a mere proceeding in an action, or one independently thereof or merely connected therewith. The latter two belong to the special class and the other does not. *State v. Wis. T. Co.* 134 Wis. 335, 113 N. W. 944.

The next question is, Was the order final? It was evidently entered after rendition of the opinion which seems to contain a decision granting the motion to revive. That opinion and decision, on the face, seem to have left nothing to be done to fully restore the action. However, it was followed by a formal order by which the learned court seems to have industriously reserved the question of revival, sufficiently to enable him to consider the matter again before finally granting the motion. Why that was done we do not know. We must presume, from the peculiar nature of the order entered, after a judicial declaration in terms reviving the case, providing that the moving party in a specified contingency might apply to the court for an order reviving the case, was the re-

sult of a wise afterthought to take up the matter again before finally compelling the foreign party to litigate in this state.

There are a number of indications that the learned court, after filing the opinion with words of final decision, concluded to merely enter a sort of tentative order, so that if it did not operate to induce the personal representatives to voluntarily appear, a more careful consideration might be given to the matter before applying coercion.

It may be that the learned judge discovered that sec. 3267, Stats. (1898), upon which he in part relied, relates to the right of a foreign executor to sue or be sued in the courts of this state with reference to the property of the deceased therein, and has nothing to do with circumstances as in this case.     He may also have come to doubt whether *Brown v. Brown,* 35 Minn. 191, 28 N. W. 238, dealing with the question of reviving, on motion of a nonresident personal representative of a deceased person, a proceeding to open a default judgment against the deceased, had anything to do with such a situation as he had before him.

Again, after rendering the opinion, the peculiar wording of secs. 2803 and 2805, Stats. (1898), in connection with *Cavanaugh v. Scott,* 84 Wis. 93, 54 N. W. 328, may have more particularly challenged judicial attention to the fact that there is no absolute right of revival, and, in connection with that, it may have occurred that, possibly, the fact that a nonresident, after sleeping on his rights for some over two years, came here to pursue a sick man who was on the verge of insanity, all of whose property and that of another responsible party jointly liable with him was in a foreign state and within easy reach, as well as were the defendants pursued, of such nonresident from his place of residence, and kept up the pursuit after the death of the particular defendant, notwithstanding ample opportunity to litigate his rights in the home jurisdiction of the defendants, where the estate of the particular one was being settled, and without any explanation of such

peculiar method of attack, except that he was afraid of the personal influence of the defendants and their friends with the court, in their home jurisdiction; might not, after all, warrant the conclusion that justice required a revival of the action.   The principles governing such a situation were not then as plainly found declared in the decisions of this court as they are now in *Allen v. Frawley,* 138 Wis. 295, 119 N. W. 565.   Had they been the learned court would have had a safer guide than the Minnesota case which deals with a situation foreign to the one in hand.

All these considerations lead us to regard the order of the court as intended as merely intermediate, notwithstanding the language in the opinion and decision actually reviving the action.

It follows, that though the order in question was entered in a special proceeding, it was not a final order therein and, therefore, the appeal must be dismissed.

*By the Court.*—So ordered.