Arthur P. WELLENS, Plaintiff-Appellant,

v.

KAHL INSURANCE AGENCY, INC., and Robert G. Kahl, Defendants,

MUTUAL SAVINGS & LOAN, Garnishee-Defendant,

FIRST WISCONSIN NATIONAL BANK, Garnishee-Defendant-Respondent.

Court of Appeals

*No. 87–2096. Submitted on memoranda January 7, 1988.— Decided March 30, 1988.*

(Also reported in 426 N.W.2d 41.)

On behalf of the plaintiff-appellant the cause was submitted on the memoranda of *John C. Zacherl* of *Zacherl & Wehner, S.C.,* of Fond du Lac.

On behalf of the garnishee-defendant-respondent the cause was submitted on the memoranda of *Robert*

*V. Edgarton,* of *Edgarton, Ondrasek, Hobbs, Petak & Massey,* of Fond du Lac.
Before Scott, C.J., Brown, P.J., and Nettesheim, J.

PER CURIAM. This attempted appeal derives from a trial court order vacating a default judgment in a garnishment action and permitting the respondent to file a responsive pleading. Because the order contemplates further proceedings, this court questioned whether it was a final, appealable order under sec. 808.03(1), Stats., and ordered the parties to submit memoranda on the issue of whether jurisdiction over the appeal exists.

The appellant argues that the order is appealable as of right because it is the final order issued in a special proceeding.[1] The appellant considers this a special proceeding because the motion to vacate raised issues distinct from the original garnishment action: to wit, whether the respondent's neglect was excusable, thereby justifying the reopening of the judgment under sec. 806.07(1)(a), Stats. The appellant finds support for his position in *Wengerd v. Rinehart,* 114 Wis. 2d 575, 582, 338 N.W.2d 861, 866 (Ct. App. 1983), where the court stated that an order entered upon a motion to vacate or reopen a judgment is entered in a special proceeding. Since the order disposed of all questions concerning the existence of excusable neglect, he then argues that the order should be appealable.

---

[1] Proceedings in the courts are divided into actions and special proceedings. Sec. 801.01(1), Stats. There is little statutory guidance explaining the difference between an action and a special proceeding, save for sec. 133.08(4), Stats., which defines as a special proceeding a contempt action brought for an alleged violation of a labor injunction.

67

*Wengerd* concerned a motion to vacate on the ground that the judgment was void under sec. 806.07(1)(d), Stats. Whether a decision on a motion brought under that subsection is deemed to issue in an action or a special proceeding is a distinction without a difference; the order will always be appealable. If denied, no additional proceedings follow; if granted, the order nullifies the entire action, requiring the plaintiff to commence a new action.

The question of whether a motion to vacate under sec. 806.07(1)(d), Stats., initiated a special proceeding was before the *Wengerd* court because there was a request for attorney fees under sec. 814.025, Stats., the scope of which is limited to "an action or special proceeding ... counterclaim, defense or cross-complaint." The court held that an order disposing of a motion for relief under sec. 806.07(1)(d) is entered in a special proceeding, thereby enabling a recovery under sec. 814.025. *Id.* at 582, 338 N.W.2d at 866. *Wengerd* did not address the scope of the term "special proceeding" in connection with appealability. Thus, the statements of the *Wengerd* court are not controlling on the question before this court.[2]

---

[2]The court in *Wengerd* cited *Deuster v. Zillmer,* 119 Wis. 402, 407–08, 97 N.W. 31, 33–34 (1903), for the proposition that an order vacating a judgment, made upon a motion to vacate and set aside, is entered in a special proceeding. An examination of *Deuster,* however, leads us to conclude that its precedential value is marginal under current statutory language. As noted by the court in *Deuster,* the 1898 statutes defined, at some length, the term "action" and defined a "special proceeding" as "every other remedy." *Id.* at 408, 97 N.W. at 33; citing Wis. Stat. § § 2595 and 2596 (1898). That division is diametrically opposed to sec. 801.01(1), Stats., which, while retaining the distinction between an action and a special proceeding, includes "special proceeding"

This case involves a motion alleging excusable neglect under sec. 806.07(1)(a), Stats. In this context, the distinction between the special proceeding and action is critical to determining the appealability of the order. If the motion to vacate is viewed as a proceeding distinct from the underlying action, then the decision is final irrespective of the rekindling of the original action. However, if the motion is viewed as related to the original action, then the order is not final because it contemplates further proceedings.

Thus, we must decide which pigeonhole this order issued from—action or special proceeding. Some guidance is found in *State v. Wisconsin Tel. Co.,* 134 Wis. 335, 340–41, 113 N.W. 944, 945–46 (1908), which describes a special proceeding as one occurring entirely outside the underlying action, such as a contempt or condemnation proceeding. Another example of a special proceeding is a nonparty's motion to intervene. *Wengerd,* 114 Wis. 2d at 582, 338 N.W.2d at 866. Additional guidance is gleaned from sec. 806.07(2), Stats., which provides that "[t]his section [i.e., sec. 806.07, Stats.] does not limit the power of a court to entertain an *independent action* to relieve a party from judgment, order, or proceeding, or to set aside a judgment for fraud on the court." (Emphasis added.) This suggests that the motion for relief from judgment takes place in the context of the action which produced the judgment.

We recognize that a motion to vacate may raise issues outside those at stake in the underlying action. However, the resulting order relieves only a party to the underlying action (or his legal representative) and

within the term "action as used in chs. 801 to 847, unless a specific provision of procedure in special proceeding exists."

ultimately bears on the party's need or ability to defend or prosecute his position there. Sec. 806.07(1), Stats. By contrast, special proceedings often or only involve nonparties.

We conclude that a motion to vacate a judgment on the ground of excusable neglect occurs in the context of the underlying action. Given this conclusion, the order granting the motion to vacate the judgment is not appealable because additional proceedings will be forthcoming with the filing of the responsive pleading. *See Earl v. Marcus,* 92 Wis. 2d 13, 16, 284 N.W.2d 690, 692 (Ct. App. 1979), which held that an order for a new trial does not end but instead continues the litigation and which was cited with approval in *Wick v. Mueller,* 105 Wis. 2d 191, 195–96, 313 N.W.2d 799, 801 (1982). While the order may not be appealable as of right, however, the avenue of a permissive appeal is still open to the appellant provided that the prerequisites of sec. 808.03(2), Stats., and Rule 809.50, Stats., can be met.

*By the Court.*—Appeal dismissed.