# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 18AP656 |
| COMPLETE TITLE: | L. G., by her Guardian, Chippewa Family Services, Inc., <br>       Plaintiff-Respondent, <br> State of Wisconsin Department of Health Services and Centers for Medicare & Medicaid Services, <br>       Involuntary-Plaintiffs, <br>     v. <br> Aurora Residential Alternatives, Inc., Aurora Integrated Management, Inc. and Aurora Community Services, Inc., <br>       Defendants-Appellants-Petitioners, <br> Aurora 023 Community Based Residential Facility and Massachusetts Bay Insurance Company, <br>       Defendants. |

REVIEW OF DECISION OF THE COURT OF APPEALS

| | |
|---|---|
| OPINION FILED: | June 28, 2019 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | March 26, 2019 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|    COURT: | Circuit |
|    COUNTY: | Dunn |
|    JUDGE: | Rod W. Smeltzer |

| | |
|---|---|
| JUSTICES: | |
|    CONCURRED: | |
|    DISSENTED: | |
|    NOT PARTICIPATING: | ABRAHMASON, J. and A.W. BRADLEY, J. withdrew from participation. |

ATTORNEYS:

For the defendants-appellants-petitioners, there were briefs filed by *Donna J. Fudge, Esquire,* and *Fudge Broadwater, P.A.,* Fond du Lac. There was an oral argument by *Donna J. Fudge, Esquire.*

For the plaintiff-respondent, there was a brief filed by *Matthew Boller, James E. Biese*, and *Boller & Vaughan, LLC*, Madison. There was an oral argument by *James E. Biese.*

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2018AP656
(L.C. No. 2017CV239)

STATE OF WISCONSIN : IN SUPREME COURT

L. G., by her Guardian, Chippewa Family Services, Inc.,

      Plaintiff-Respondent,

State of Wisconsin Department of Health Services and Centers for Medicare & Medicaid Services,

      Involuntary-Plaintiffs,

    v.

Aurora Residential Alternatives, Inc., Aurora Integrated Management, Inc. and Aurora Community Services, Inc.,

      Defendants-Appellants-Petitioners,

Aurora 023 Community Based Residential Facility and Massachusetts Bay Insurance Company,

      Defendants.

**FILED**

JUN 28, 2019

Sheila T. Reiff
Clerk of Supreme Court

REVIEW of a decision of the Court of Appeals. *Reversed.*

¶1 DANIEL KELLY, J. This case addresses whether a circuit court order denying a request to compel arbitration and stay a pending lawsuit is final for the purposes of appeal. We

hold that it is and so reverse and remand the matter to the court of appeals.

## I. BACKGROUND

¶2 Aurora Residential Alternatives, Inc., Aurora Integrated Management, Inc., and Aurora Community Services, Inc. (collectively, "Aurora") own and operate residential facilities. L.G., the respondent, is a mentally disabled resident of one of Aurora's facilities. In October 2012, L.G. accused an Aurora employee of sexually assaulting her by forcing her to perform sexual acts on him, for which he was convicted of fourth-degree sexual assault.

¶3 Approximately four years later, L.G. filed a lawsuit against Aurora over the incident in the Dunn County Circuit Court.[1] But L.G.[2] had signed an arbitration agreement with Aurora that provided, in relevant part:

> Any and all claims or controversies arising out of or in any way relating to this Arbitration Agreement, the Admission Agreement, and/or any of the Consumer's stay(s) at the Home, including disputes regarding the making, execution, validity, enforceability, voidability, unconscionability, severability, scope, arbitrability, interpretation, waiver, duress, preemption, or any other defense to enforceability of this Arbitration Agreement, whether arising out of State or Federal law, whether now existing or arising in the future, whether for statutory, compensatory or punitive damages and whether sounding in breach of

---

[1] The Honorable Rod W. Smeltzer presided.

[2] Chippewa Family Services, Inc. is L.G.'s legal guardian and represents her interests in this matter, just as it did in executing the arbitration agreement.

2

contract, tort (i.e., negligence or wrongful death), or breach of statutory duties (including, without limitation, any claim based on Consumers' Rights or a claim for unpaid Home charges), irrespective of the basis for the duty or of the legal theories upon which the claim is asserted, shall be submitted to binding arbitration.

. . . .

The Parties hereby expressly agree that the Admission Agreement, this Arbitration Agreement, and the Consumer's stay at the Home involve interstate commerce. The Parties also stipulate that the Federal Arbitration Act, 9 U.S.C. § 1-16 in effect as of July 1, 2013 ("FAA"), shall apply to this Arbitration Agreement and that the FAA shall preempt any inconsistent state law and shall not be reverse preempted.

(Emphasis in original.)

¶4 In response to the lawsuit, Aurora filed a motion to compel arbitration and stay the circuit court proceedings pending the arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA") (the "Motion"). The circuit court denied the Motion in a written order (dated February 15, 2018), which bore the following statement: "THIS IS A FINAL ORDER FOR PURPOSES OF APPEAL" (the "Order").[3]

¶5 Aurora filed its notice of appeal 46 days later.[4] L.G. moved to dismiss the appeal for lack of jurisdiction because

---

[3] The Order also decided: (1) Massachusetts Bay Insurance Company's motion to bifurcate insurance issues and stay the proceedings; and (2) a motion for a protective order related to discovery issues.

[4] When no party provides written notice of entry of a final judgment or order, the appellant must file a notice of appeal no later than 90 days after entry of the order appealed from:

(continued)

3

Aurora was "seeking a review of a non-final order that denied their motion to compel arbitration." L.G. v. Aurora Residential Alts., Inc., No. 2018AP656, unpublished order (Wis. Ct. App. May 10, 2018). The court of appeals granted the motion. It held that "because the order denying arbitration does not dispose of the entire matter of litigation, it is not a final and appealable order as of right under Wis. Stat. § 808.03(1) [(2017-18)][5]." Id. The court of appeals also stated that Aurora could appeal the Order only pursuant to Wis. Stat. § 808.03(2), which governs permissive appeals. Under that procedure, the prospective appellant must file a petition requesting permission to appeal no later than 14 days after entry of the order to be reviewed. § 809.50(1). The court of appeals dismissed the appeal for lack of jurisdiction, concluding that the Order was not final, and Aurora had not filed a petition requesting permission to appeal. L.G., No.

---

Initiating an appeal. An appeal to the court of appeals must be initiated within 45 days of entry of a final judgment or order appealed from if written notice of the entry of a final judgment or order is given within 21 days of the final judgment or order as provided in s. 806.06 (5), or within 90 days of entry if notice is not given, except as provided in this section or otherwise expressly provided by law. Time limits for seeking review of a nonfinal judgment or order are established in s. 809.50.

Wis. Stat. § 808.04(1) (2017-18) (emphasis in original). There is no notice of entry of final order or judgment in the record.

[5] All subsequent references to the Wisconsin Statutes are to the 2017-18 version unless otherwise indicated.

4

2018AP656, unpublished order (Wis. Ct. App. May 10, 2018). Aurora moved the court of appeals to reconsider, specifically pointing out the statement on the Order indicating it was final for purposes of appeal. The court of appeals denied the motion, concluding that the statement was erroneous because the order did "not dispose of the matter in litigation among the parties." L.G. v. Aurora Residential Alts., Inc., No. 2018AP656, unpublished order (Wis. Ct. App. May 31, 2018) (order denying the motion for reconsideration). The court of appeals also denied Aurora's alternative request to extend the deadline to file a petition requesting permission to appeal.

¶6 Aurora filed a petition for review of the court of appeals' orders, which we granted. We now reverse the court of appeals' dismissal of Aurora's appeal.

## II. STANDARD OF REVIEW

¶7 In the course of this opinion we are required to interpret and apply our statutes. "These are questions of law that we review de novo." Kieninger v. Crown Equip. Corp., 2019 WI 27, ¶12, 368 Wis. 2d 1, 924 N.W.2d 172 (citing State v. Alger, 2015 WI 3, ¶21, 360 Wis. 2d 193, 858 N.W.2d 346). More specifically, the finality of a circuit court's order presents a question of law subject to de novo review. Admiral Ins. Co. v. Paper Converting Mach. Co., 2012 WI 30, ¶22, 339 Wis. 2d 291, 811 N.W.2d 351.

## III. ANALYSIS

¶8 Whether Aurora may appeal the Order depends entirely on whether it was final within the meaning of Wis. Stat.

§ 808.03(1). If it was, then the notice of appeal was timely, and the court of appeals should not have dismissed the appeal. If not, then the quest must end because Aurora did not file a petition requesting permission to appeal the Order, and it does not argue otherwise.[6] Therefore, the balance of this opinion focuses on whether the Order was final within the meaning of § 808.03(1).[7]

¶9 The finality of the Order is outcome dispositive because of its jurisdictional consequences. Our statutes provide for an appeal as of right only from final orders or judgments: "A final judgment or a final order of a circuit court may be appealed as a matter of right to the court of appeals unless otherwise expressly provided by law." Wis. Stat. § 808.03(1). Without finality, there is no jurisdiction for such an appeal. "[T]his court lacks jurisdiction over an appeal [as of right] brought from a nonfinal judgment or order." McConley v. T.C. Visions, Inc., 2016 WI App 74, ¶3, 371

---

[6] Wisconsin Stat. § 808.03(2), in part, provides: "A judgment or order not appealable as a matter of right under sub. (1) may be appealed to the court of appeals in advance of a final judgment or order upon leave granted by the court[.]"

[7] "[S]tatutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.' Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." State ex rel. Kalal v. Circuit Court for Dane Cty., 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (internal citations omitted); see generally Daniel R. Suhr, Interpreting Wisconsin Statutes, 100 Marq. L. Rev. 969 (2017).

Wis. 2d 658, 885 N.W.2d 816 (quoting Leske v. Leske, 185 Wis. 2d 628, 630, 517 N.W.2d 538 (Ct. App. 1994)) (alteration in original).

¶10 "Finality," to the extent it concerns us today, has two components. Our statutes say that "[a] final judgment or final order is a judgment, order or disposition that disposes of the entire matter in litigation as to one or more of the parties, whether [it is] rendered in an action or special proceeding . . . ." Wis. Stat. § 808.03(1). The first component, therefore, relates to whether the order in question is part of an "action" or, instead, a "special proceeding." The second component relates to whether the order disposed of the entire matter in dispute between the parties.

A. "Action" versus "Special Proceeding"

¶11 We will start with the first component——whether the Order denying the Motion to compel arbitration was entered in an action as opposed to a special proceeding. The distinction is important because it will define the "matter in litigation" that must be resolved before we may consider whether the order was final. If the Motion was part of L.G.'s "action" against Aurora for damages stemming from the sexual assault, then there can be no disposition of the "entire matter in litigation" until the question of Aurora's alleged liability to L.G. has been answered. But if the Motion represents a "special proceeding" separate from L.G.'s "action," then we will need to identify the "disputed matter" within that special proceeding so that we may determine whether the Order entirely disposed of it. The court

7

of appeals' conclusion that the Order had not disposed of the entire matter indicates it understood the Motion to have been part of L.G.'s action, rather than a separate special proceeding. This is a question on which we have not yet provided any guidance. See Wisconsin Auto Title Loans, Inc. v. Jones, No. 2011AP2482, unpublished slip op. (Wis. Ct. App. Feb. 5, 2013) ("[T]he finality of orders regarding arbitration appears to be an open question.").

¶12 Although we may not have provided any guidance on this question, the Legislature has. The Wisconsin Arbitration Act (Wis. Stat. § 788.01 et seq. (the "Arbitration Act")) governs the enforcement of arbitration agreements, and describes how to compel arbitration both before a lawsuit has been filed as well as when a lawsuit is already pending. We examine these provisions for what they might say about whether a motion to compel arbitration represents a special proceeding or, instead, a motion integral to a pending action.

¶13 When a party to an arbitration agreement refuses to arbitrate, the other party may apply to our courts for relief. If there is no pending lawsuit when the refusal occurs, the aggrieved party may "petition" the circuit court for an order compelling arbitration: "The party aggrieved by the alleged failure, neglect or refusal of another to perform under a written agreement for arbitration may petition any court of record having jurisdiction of the parties or of the property for an order directing that such arbitration proceed as provided for in such agreement." Wis. Stat. § 788.03.

8

¶14 Upon the filing of such a petition, the Arbitration Act limits the circuit court's role to determining the existence of an enforceable arbitration agreement and any failure to comply with it. If the parties do not dispute those matters, the circuit court simply orders compliance: "The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." Wis. Stat. § 788.03. However, if a party does dispute the making of the agreement or performance of the parties, the matter proceeds directly to trial——but only on those issues. Id. ("If the making of the arbitration agreement or the failure, neglect or refusal to perform the same is in issue, the court shall proceed summarily to the trial thereof."). Upon resolution of those issues, there are only two possible outcomes——either the circuit court orders compliance with the arbitration agreement according to its terms, or it dismisses the proceeding consequent upon a failure to prove an enforceable arbitration agreement or deficient performance. Id.[8]

---

[8] In the absence of a jury demand, the circuit court decides any challenge to the making of the arbitration agreement or deficiency in performance. See Wis. Stat. § 788.03 ("If no jury trial is demanded, the court shall hear and determine such issue."). If a jury decides the issues, and finds the petitioner's arbitration demand wanting, the circuit court must dismiss the petition. Id. ("If the jury finds that no agreement in writing for arbitration was made or that there is no default in proceeding thereunder, the proceeding shall be dismissed."). However, if the jury finds an enforceable arbitration agreement,
(continued)

9

¶15 The Arbitration Act's tight control on what a circuit court may do with a petition under Wis. Stat. § 788.03 suggests that a request to compel arbitration is a matter separate from, but related to, the parties' underlying dispute. Resolution of a petition under this provision does not, and cannot, reach the merits of the matter to be arbitrated. And the circuit court's work on the petition ends before anyone takes any further steps to resolve the issues allegedly covered by the arbitration agreement. So the only effect the petition has on the underlying dispute is determining the forum in which it will be resolved. Once that is decided, the circuit court's involvement in determining the forum in which the dispute will be decided is over.

¶16 The circuit court's role is similarly limited when the attempt to enforce an arbitration agreement takes place in a pending lawsuit. The procedure under Wis. Stat. § 788.02 is somewhat truncated in comparison to Wis. Stat. § 788.03, but the circuit court's responsibility is essentially the same. Both statutes require the circuit court to do nothing more than determine whether the parties must arbitrate their dispute, and

---

and a failure to abide by its terms, the court issues an order directing compliance. Id. ("If the jury finds that an agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof.").

then ensure they do. The primary difference is that the determination is made in the context of an existing lawsuit:

> If any suit or proceeding be brought upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

§ 788.02. The stay issues if the circuit court is "satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an [arbitration] agreement." Id.

¶17 An application to stay proceedings under Wis. Stat. § 788.02 addresses issues as discrete as the petition under Wis. Stat. § 788.03. Both mechanisms are limited to determining whether there is an enforceable arbitration agreement, and ensuring the parties abide by its terms. The circuit court's resolution of the application is entirely self-contained, inasmuch as it simply determines the forum for resolution of the dispute without addressing the dispute's merits. And the matter does not return to the circuit court "until such arbitration has been had in accordance with the terms of the agreement." § 788.02. That is to say, the circuit court's disposition of the application is distinct from the dispute the arbitration is supposed to resolve, even as it retains some connection to it.

¶18 The relationship between an application to stay and the action in which it is made convinces us the former is a

11

special proceeding within the meaning of Wis. Stat. § 808.03(1). This conclusion is faithful to the standard we have long used in assaying the difference between actions and special proceedings. Over a century ago, we said "[t]he test to be applied in determining the nature of any judicial remedy, as regards whether it is a special proceeding, is whether it is a mere proceeding in an action, or one independently thereof or merely connected therewith. The latter two belong to the special class and the other does not." Voss v. Stoll, 141 Wis. 267, 271, 124 N.W. 89 (1910).

¶19 We used the Voss test just last term to help us identify the relationship between a pending criminal proceeding and a proceeding to determine the defendant's competency. State v. Scott, 2018 WI 74, 382 Wis. 2d 476, 914 N.W.2d 141. We observed that "[t]he competency proceeding resolves an issue separate and distinct from the issues presented in the defendant's underlying criminal proceeding." Id., ¶33. So we said the "competency proceeding is not part of the defendant's underlying criminal proceeding," but they were nonetheless "'related' or 'connected' to one another." Id. We held therefore, that "the competency proceeding is properly 'treated as being commenced independently of any other action or proceeding.'" Id. We can gain additional insight into the nature of an application to stay under Wis. Stat. § 788.02 by considering the types of proceedings that we do not consider "special." Long ago, we said that proceedings are not "special" if they comprise "the necessary and ordinary steps or

12

proceedings taken in an action to conduct it to a final hearing and judgment." Ernst v. The Steamer "Brooklyn", 24 Wis. 616, 617, 1869 WL 3554 (1869). An application to stay the pending action in favor of an arbitral resolution cannot be a "necessary" or "ordinary" step in reaching a final judgment, inasmuch as it affirmatively seeks to prevent that very result. The relationship between a pending lawsuit and an application under § 788.02 is in all material respects the same as that obtaining between the competency proceeding and criminal proceeding at issue in Scott. As in Scott, an application to stay "resolves an issue separate and distinct from the issues presented in" the pending lawsuit, but the two proceedings are nevertheless "related" or "connected." 382 Wis. 2d 476, ¶33.

¶20 L.G. rejects this analysis, and points instead to a line of cases that describe a special proceeding as "one either entirely outside of an action, as a proceeding for contempt or to condemn land, or one merely connected with an action as a proceeding by a person not a party to an action to be made such." State v. Wisconsin Tel. Co., 134 Wis. 335, 336, 113 N.W. 944 (1907). We said something similar more recently: "A special proceeding, like an action, is a stand-alone proceeding that is not part of an existing case." Alger, 360 Wis. 2d 193, ¶29. The authority for that statement was Black's Law Dictionary, which defined a proceeding as something "that can be commenced independently of a pending action and from which a final order may be appealed immediately." Id. (quoting Black's Law Dictionary 1398 (10th ed. 2014)). Alger also relied on the

13

court of appeals for the proposition that "a special proceeding [is] one occurring entirely outside the underlying action . . . ." 360 Wis. 2d 193, ¶29 (quoting <u>Wellens v. Kahl Ins. Agency, Inc.</u>, 145 Wis.2d 66, 69, 426 N.W.2d 41 (Ct. App. 1988)). One may understand these statements as either descriptive or, alternatively, prescriptive. That is, it is possible for these statements to accurately describe various special proceedings that occurred entirely outside of the underlying actions, while not asserting that special proceedings <u>must</u> occur outside of the underlying actions (the descriptive reading). The prescriptive reading, on the other hand, would understand these statements as creating a normative rule, to wit, that all special proceedings must occur outside of the underlying actions.

¶21 We believe the best reading of <u>Alger</u>, <u>Wisconsin Tel. Co.</u>, and <u>Wellens</u> is that they describe, but do not prescribe. In <u>Alger</u> we relied on <u>Black's Law Dictionary</u> for the proposition that special proceedings "can be commenced independently of a pending action." 360 Wis. 2d 193, ¶29. But just because something <u>can</u> be commenced in a particular fashion does not mean it <u>must</u> be so commenced. Because <u>Black's Law Dictionary</u> was the basis for our statement in <u>Alger</u> that "[a] special proceeding, like an action, is a stand-alone proceeding that is not part of an existing case," <u>id.</u>, it would be most prudent to understand it as simply paraphrasing the authority upon which it relied. In that sense, the statement describes a subset of special

14

proceedings, but does not prescribe a quality that all special proceedings must share.

¶22 Reading Alger as descriptive, as well as Wisconsin Tel. Co. and Wellens, harmonizes them with Scott, our most recent analysis of this question. The competency proceeding at issue in Scott was most assuredly not "a stand-alone proceeding that [was] not part of an existing case." Alger, 360 Wis. 2d 193, ¶29. And yet we concluded it was, nonetheless, a special proceeding. We reaffirm that Voss describes the test we use to determine whether something qualifies as a special proceeding. Voss and Scott demonstrate that an "application to stay" under the auspices of Wis. Stat. § 788.02 is a special proceeding within the meaning of Wis. Stat. § 808.03(1). When a circuit court addresses such an application it "resolves an issue separate and distinct from the issues presented in" the

pending lawsuit, but which is "related" or "connected" to that lawsuit.[9]  Scott, 382 Wis. 2d 476, ¶33.

## B.  Finality

¶23 The second (and final) step in our analysis is determining whether the circuit court's order denying Aurora's motion to compel arbitration represented a final disposition of "the entire matter in litigation as to one or more of the

---

[9] L.G. also directs us to several cases in which the court of appeals has treated orders disposing of motions to stay an action in favor of arbitration as nonfinal.  See, e.g., Midwest Neurosciences Assocs., LLC v. Great Lakes Neurosurgical Assocs., LLC, 2018 WI 112, ¶1, 384 Wis. 2d 669, 920 N.W.2d 767 (where we characterized the circuit court's order denying the motion to stay the proceeding and compel arbitration as "non-final"); Mortimore v. Merge Techs. Inc., 2012 WI App 109, ¶11, 344 Wis. 2d 459, 824 N.W.2d 155 (The appellant "filed for leave to appeal the circuit court's nonfinal order denying [appellant]'s Motion to Stay Pending Arbitration."); Coady v. Cross Country Bank, 2007 WI App 26, ¶1 n.1, 299 Wis. 2d 420, 729 N.W.2d 732 (where the appellant "filed a petition for leave to appeal from this non-final order."); Wisconsin Auto Title Loans, Inc. v. Jones, 2006 WI 53, ¶24, 290 Wis. 2d 514, 714 N.W.2d 155 ("The court of appeals granted Wisconsin Auto Title Loans' request to appeal the nonfinal order of the circuit court[.]"); and Madison Beauty Supply, Ltd. v. Helene Curtis, Inc., 167 Wis. 2d 237, 481 N.W.2d 644 (Ct. App. 1992) (which reviewed a circuit court's order denying an application to stay the proceedings under Wis. Stat. § 788.02 as a non-final order).

There are two reasons none of these cases are instructive. First, in each of these cases the appellant characterized the order as nonfinal by filing a petition for permissive review under Wis. Stat. § 809.50.  Consequently, the appellants did not put the finality of the order at issue.  And second, in each of these cases the court of appeals simply accepted, rather than analyzed, the appellant's characterization of the order as nonfinal.

16

parties" in the special proceeding. Wis. Stat. § 808.03(1).[10] To make that determination, we need to compare the circuit court's order to the scope of matters at issue in the special proceeding.

¶24 We said in a recent case that, in the context of a petition to compel arbitration, the potential scope of matters the court may address is quite limited: "In an action to compel arbitration under Wis. Stat. § 788.03, the issues are limited to the making of the arbitration agreement or the failure, neglect or refusal to perform under the agreement." First Weber Grp., Inc. v. Synergy Real Estate Grp., LLC, 2015 WI 34, ¶32, 361 Wis. 2d 496, 860 N.W.2d 498 (internal marks omitted). Aurora filed its motion to stay pursuant to Wis. Stat. § 788.02, however, because there was already a lawsuit pending. But as we discussed above, there is no difference between §§ 788.02 and 788.03 with respect to the scope of issues the circuit court considers in such a special proceeding.

---

[10] The Arbitration Act allows a party to file an "application" to stay the trial, Wis. Stat. § 788.02, which application is "made and heard in the manner provided by law for the making and hearing of motions." Wis. Stat. § 788.05. The fact that Aurora denominated its filing a "motion" instead of an "application" is of no moment because we are governed by a document's substance, not its label. Twn. of Fitchburg v. City of Madison, 98 Wis. 2d 635, 647-48, 299 N.W.2d 199 (1980) ("We will look beyond the form and the label of the document to the substance[.]"); and Wesolowski v. Erickson, 5 Wis. 2d 335, 339, 92 N.W.2d 898 (1958) ("The mere labeling of a complaint does not determine its nature. The nature of an action is to be determined as a whole and all allegations in the complaint must be considered.").

17

¶25 Aurora's Motion presented no issue to the circuit court outside the parameters of Wis. Stat. § 788.02. After asserting the existence of an enforceable arbitration agreement and L.G.'s failure to abide by its terms, the motion asked the circuit court "for an Order staying this action and compelling the parties to binding arbitration pursuant to the specific terms within the Binding Arbitration Agreement and for such other relief as this Court deems just and proper." Although the ensuing Order resolved three pending motions, it discretely disposed of each one in separate sections. The section relating to Aurora's motion to stay was limited to the subject of arbitrability. It said: "For the reasons stated at the hearing, including the Court's finding that there is not a contract to arbitrate this case, the defendants' Motion to Compel Arbitration is DENIED."[11] The circuit court's discussion of the motion on the record was more extensive, of course, but did not go beyond whether the matter under consideration was subject to an arbitration requirement. It is clear, therefore, that Aurora's Motion, and the circuit court's resolution, both

---

[11] The order also said: "THIS IS A FINAL ORDER FOR PURPOSES OF APPEAL." Such a statement, while potentially helpful to litigants as a warning, has no legal effect. Wambolt v. West Bend Mut. Ins. Co., 2007 WI 35, ¶46 n.19, 299 Wis. 2d 723, 728 N.W.2d 670 ("[T]here may be cases in which a document states that it is final for purposes of appeal under [Wis. Stat.] § 808.03(1), but does not actually 'dispose of the entire matter in litigation as to one or more of the parties[.]' . . . Such a document cannot be a final order or final judgment under the plain language of the statute.").

remained within the boundaries of the special proceeding described by § 788.02.

¶26 We conclude that the circuit court's Order disposed of the entire matter in controversy between L.G. and Aurora in the Wis. Stat. § 788.02 special proceeding. The Order's terms are categorical, and they resolve the only question presented by the Motion. Further, the Order does not contemplate any future circuit court action with respect to issues potentially encompassed by § 788.02. For these reasons, the circuit court's Order was final within the meaning of Wis. Stat. § 808.03(1).[12]

## IV. CONCLUSION

¶27 We hold that an application to stay pursuant to Wis. Stat. § 788.02 is a special proceeding within the meaning of Wis. Stat. § 808.03(1). We further hold that a circuit court order that disposes of the entire matter in litigation between one or more parties in a § 788.02 special proceeding is final for the purposes of appeal.

---

[12] Because we conclude that a circuit court order resolving an application to compel arbitration pursuant to Wis. Stat. § 788.02 is final for the purposes of appeal, we need not address Aurora's argument that the Federal Arbitration Act preempted our appellate procedures and by its own force made the Order immediately appealable. Walworth State Bank v. Abbey Springs Condo. Ass'n., Inc., 2016 WI 30, ¶13 n.7, 368 Wis. 2d 72, 878 N.W.2d 170 ("Typically, an appellate court should decide cases on the narrowest possible grounds."). We express no opinion on that novel argument.

19

*By the Court.*—The decision of the court of appeals is reversed.

¶28 SHIRLEY S. ABRAHAMSON, J. and ANN WALSH BRADLEY, J., withdrew from participation before oral argument.