# COURT OF APPEALS
## DECISION
## DATED AND FILED

## June 1, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2020AP1694**

Cir. Ct. No.  **2020CV3255**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

CORY PLASTER AND LAURA PLASTER,

PLAINTIFFS-RESPONDENTS,

V.

EMERGENCY FIRE & WATER RESTORATION, LLC AND MICHAEL WYNE,

DEFENDANTS-APPELLANTS.

---

APPEAL from an order of the circuit court for Milwaukee County: DAVID C. SWANSON, Judge. *Reversed and cause remanded with directions*.

Before Brash, C.J., Donald, P.J., and Dugan, J.

¶1    DONALD, P.J. Emergency Fire & Water Restoration, LLC and Michael Wyne, the president and owner (collectively EFWR), appeal an order

denying a motion to stay the proceedings and compel arbitration.[1] EFWR contends that the circuit court erred when it denied the motion without holding an evidentiary hearing to resolve a factual dispute—whether Cory and Laura Plaster had received, and agreed to, a Terms and Conditions form, which contained an arbitration clause, as part of their contract. As discussed below, we reverse the circuit court's order and remand for an evidentiary hearing to resolve this dispute.

## BACKGROUND

¶2    In May of 2017, a fire damaged the Plasters' house in Milwaukee. The Plasters entered into three separate contracts with EFWR. On or about May 30, 2017, the Plasters entered into a contract with EFWR for "initial damage assessment and repairs" to their property. Several days later, on or about June 2, 2017, the Plasters entered into a contract with EFWR for "restoration, remodeling and/or new construction[.]" Approximately five months later, in November 2017, the Plasters and EFWR entered into another contract for "restoration, remodeling and/or new construction[.]"

¶3    Subsequently, the Plasters sued EFWR alleging: (1) breach of contract for failing to complete its work on their property; (2) theft by contractor; (3) slander of title; and (4) failure to provide an accounting of amounts paid and work completed.[2]

---

[1] A circuit court order denying a request to stay a pending lawsuit and compel arbitration is final for the purposes of appeal. *See* **L.G. by Chippewa Fam. Servs., Inc. v. Aurora Residential Alts., Inc.**, 2019 WI 79, ¶1, 387 Wis. 2d 724, 929 N.W.2d 590.

[2] Subsequently, the complaint was amended to allege two additional claims: civil theft and conversion of funds.

¶4      EFWR filed a motion to stay the proceedings and compel arbitration, pursuant to WIS. STAT. § 788.02 (2019-20).[3]   EFWR also filed an answer, affirmative defenses, and counterclaims.  EFWR's counterclaims alleged that the Plasters had breached their contract by failing to pay the amount due, and sought a declaratory judgment that the parties were required to submit their dispute to arbitration.

¶5      In support of its request to stay the proceedings and compel arbitration, EFWR pointed to a paragraph relating to arbitration in its Terms and Conditions form.  The Terms and Conditions form provides:

> **16) Disputes.**  *Construction related disputes relating in any way to the Work*, including the provision of services and/or materials for the Work, and including any action or claim by Owner against Contractor or its owners, officers, directors, employees, agents, subcontractors or assigns, *which cannot be informally resolved between Owner and Contractor will be resolved by arbitration* conducted by the Dispute Resolution Service of the Metropolitan Builders Association of Greater Milwaukee, Inc. (MBA) in accordance with the rules and procedures adopted by the MBA. *By signing and entering into the Agreement, Owner and Contractor each consent to submit to arbitration all disputes arising out of or relating in any way to the Work.* The filing of a claim for lien will not be considered an election by Contractor to waive its rights hereunder and the enforcement by Contractor of its lien rights is expressly exempt from the requirements relating to dispute resolution.

(Emphasis added.)  EFWR contended that the Terms and Conditions form was incorporated by reference into all three contracts.  In addition, EFWR noted that, below the signature line, on the first and second contract, Cory had specifically

---

[3] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

signed an acknowledgment that he had received a copy of the Terms and Conditions form.

¶6      The Plasters filed a response brief denying that they had viewed or received any terms and conditions from EFWR.  The Plasters further contended that because they had not received a copy of any terms and conditions, on the third contract, Laura did not sign the line acknowledging receipt of the Terms and Conditions form.  The signature area on the third contract appears as follows:



¶7      In support of the Plasters' argument, affidavits were filed from Cory, Laura, and Brian Hintze, the EFWR representative who signed the third contract. Hintze's affidavit stated that terms and conditions were not always provided to EFWR customers and he did not recall providing any terms and conditions to either of the Plasters when the third contract was signed or at a later date.

¶8      In reply, EFWR filed an affidavit from Chuck Graves, EFWR's emergency response coordinator.  Graves' affidavit stated that he provided a copy of the Terms and Conditions form to Cory on the date the first contract was signed.  He also averred that he gave another copy of the Terms and Conditions form to Cory on the date the second contract was signed.

¶9      The circuit court held oral argument on EFWR's motion.  The circuit court permitted the Plasters to file a sur-reply brief and the court set the matter for an oral ruling.  The court indicated that it was not sure if an evidentiary hearing

was necessary and that it would issue a ruling on the necessity of an evidentiary hearing at the next hearing date.

¶10    The Plasters' sur-reply brief emphasized that the third contract was the only contract at issue.  The Plasters further contended that the absence of Laura's signature acknowledging her receipt of the Terms and Conditions form on the third contract meant that:  "(1) she did not receive the alleged terms and conditions; and/or (2) she did not agree to them."

¶11    The circuit court subsequently denied EFWR's motion to stay the proceedings and compel arbitration without holding an evidentiary hearing.  In doing so, the court relied on its interpretation of *Midwest Neurosciences Associates, LLC v. Great Lakes Neurosurgical Associates, LLC*, 2018 WI 112, 384 Wis. 2d 669, 920 N.W.2d 767.  The court stated that "[i]n looking at that decision … there has to be clear and unmistakable intent to arbitrate that's expressed in the contract that is at issue" and "it's fairly clear the Supreme Court kind of applies the summary judgment standard[.]"  The court stated that there was a "genuine issue of material fact as to whether or not the Plasters intended to agree to arbitration here."  The court stated that it was limited to looking at "the four corners" of the third contract.  Thus, the court stated that "having found that there is a genuine issue of material fact here, the court is denying the defendant's motion … to order arbitration[.]"

¶12    EFWR then requested clarification of the circuit court's ruling in regards to the absence of a signature acknowledging the receipt of the Terms and Conditions form on the third contract.  The circuit court stated that:

> And, yeah, looking at what my decision includes, it's kind of the summary judgment standard.  When the [c]ourt applies that standard, all inferences are construed against

the moving party. So while I agree that the contract may have included references to terms and conditions, they weren't specifically agreed to in that particular contract.

The drafting party, here, was the defendant, and the defendant included that particular block, signature block, for agreement to those terms and conditions, which was not executed. And for the [c]ourt, that creates a genuine issue of material fact as to whether arbitration was part of the parties' agreement. Since there is that genuine issue of material fact, that is the basis for the [c]ourt's ruling.

This appeal follows.

## DISCUSSION

¶13    On appeal, EFWR contends that the circuit court erred when it denied the motion to stay the proceedings and compel arbitration without holding an evidentiary hearing to resolve whether the Plasters had received, and agreed to, the Terms and Conditions form. We agree with EFWR that an evidentiary hearing is necessary to resolve this factual dispute.[4]

¶14    "Wisconsin has a 'policy of encouraging arbitration as an alternative to litigation[.]'" *First Weber Grp., Inc. v. Synergy Real Estate Grp., LLC*, 2015 WI 34, ¶24, 361 Wis. 2d 496, 860 N.W.2d 498 (citation omitted). "[T]he goal of arbitration is 'to resolve the entire controversy out of court without the formality and expense that normally attaches to the judicial process.'" *Id.* (citation omitted).

¶15    The Wisconsin Arbitration Act, ch. 788 of the Wisconsin Statutes, embodies this state's public policy to enforce agreements to arbitrate. *See Cirilli*

---

[4] EFWR also contends that the circuit court should have stayed the proceedings and compelled arbitration. However, because we remand this case for an evidentiary hearing to make factual findings, we do not address this argument.

*v. Country Ins. & Fin. Servs.*, 2009 WI App 167, ¶11, 322 Wis. 2d 238, 776 N.W.2d 272. When a lawsuit has been commenced, a party may seek an order to arbitrate pursuant to WIS. STAT. § 788.02. *See **L.G. by Chippewa Fam. Servs., Inc. v. Aurora Residential Alts., Inc.***, 2019 WI 79, ¶16, 387 Wis. 2d 724, 929 N.W.2d 590; ***Payday Loan Store of Wis. Inc. v. Krueger***, 2013 WI App 25, ¶10, 346 Wis. 2d 237, 828 N.W.2d 587. WISCONSIN STAT. § 788.02 provides:

> If any suit or proceeding be brought upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.[5]

¶16 When the parties have contracted to arbitrate, the court's function is limited. ***Midwest***, 384 Wis. 2d 669, ¶41. "A court, however, must still, when called upon to do so, determine … whether the parties agreed to arbitrate." *Id.*, ¶46. Whether the parties agreed to arbitrate "is a matter of contract." ***Riley v. Extendicare Health Facilities, Inc.***, 2013 WI App 9, ¶13, 345 Wis. 2d 804, 826 N.W.2d 398. We review issues of contract interpretation and "determination[s] of substantive arbitrability" *de novo*. ***Cirilli***, 322 Wis. 2d 238, ¶10.

¶17 In its decision denying EFWR's motion to stay the proceedings and compel arbitration, the circuit court stated that there was a "genuine issue of

---

[5] We note that if a lawsuit has not been commenced, a party seeking to compel arbitration proceeds pursuant to WIS. STAT. § 788.03. *See **L.G. by Chippewa Fam. Servs., Inc.***, 387 Wis. 2d 724, ¶13; ***Payday Loan Store of Wis. Inc. v. Krueger***, 2013 WI App 25, ¶¶9-10, 346 Wis. 2d 237, 828 N.W.2d 587.

material fact as to whether or not the Plasters intended to agree to arbitration here." As EFWR observes, the Plasters submitted affidavits averring that they did not receive the Terms and Conditions form, and EFWR submitted an affidavit averring that the Plasters did receive the Terms and Conditions form. Further, on the third contract, the Plasters did not acknowledge or sign their receipt of the Terms and Conditions form.

¶18 The circuit court, however, appears to have believed that it was prevented from resolving this dispute based on its interpretation of *Midwest*. *Id.*, 384 Wis. 2d 669. In its remarks, the court stated that *Midwest* "kind of applies the summary judgment standard" and that the court was limited to looking at "the four corners" of the third contract. This misconstrues *Midwest*.

¶19 In *Midwest*, Midwest Neurosciences Associates, LLC (Midwest) and Neurosurgery and Endovascular Associates S.C. (NEA) sued Great Lakes Neurosurgical Associates, LLC (Great Lakes) and Dr. Yashdip Pannu alleging that they breached non-compete covenants in a 2005 Operating Agreement and a 2006 Ancillary Restrictive Covenant. *Id.*, 384 Wis. 2d 669, ¶¶1, 30. Midwest and NEA moved to stay the proceedings and compel arbitration. *Id.*, ¶31. In response, Great Lakes and Dr. Pannu contended that a 2015 Redemption Agreement, which did not include an arbitration clause, released them from the non-compete restrictions. *Id.*, ¶32. Great Lakes and Dr. Pannu sought a declaratory judgment seeking, among other things, an order declaring that the Redemption Agreement was a valid contract. *Id.* They also sought an order that Midwest and NEA were not entitled to arbitration. *Id.* The circuit court concluded that the Redemption Agreement was a valid contract and denied the motion to stay the proceedings and compel arbitration. *Id.*, ¶34. The court of appeals reversed, holding "that the

question of whether the arbitration clause was superseded should have been submitted to arbitration." *Id.*, ¶35 (citation omitted).

¶20    Our supreme court reversed the court of appeals, concluding that Midwest and NEA failed to demonstrate "'clear and unmistakable' intent to arbitrate," thus, "the question of whether the parties agreed to arbitrate must, in this instance, be decided by the circuit court." *Id.*, ¶¶5, 65 (citation omitted).  The court further concluded that "the cause must be remanded to the circuit court, not to compel arbitration … but rather, because the parties' competing affidavits submitted in support of their positions on summary judgment raised genuine issues of material fact concerning whether the Redemption Agreement is a valid contract." *Id.*, ¶6.

¶21    Thus, here, contrary to the circuit court's belief, *Midwest* does not relieve the circuit court of its obligation to resolve factual disputes.  Rather, it is the circuit court's responsibility to resolve factual disputes and determine whether arbitration must be ordered.

¶22    Therefore, in this case, we conclude that the circuit court erred when it denied EFWR's motion to stay the proceedings and compel arbitration without first holding an evidentiary hearing to resolve whether the Plasters had received,

and agreed to, the Terms and Conditions form. Accordingly, we reverse and remand for an evidentiary hearing.[6]

        *By the Court.*—Order reversed and cause remanded with directions.

        Not recommended for publication in the official reports.

---

[6] The Plasters contend that EFWR "waived an evidentiary hearing by not requesting one at the circuit court level[.]" According to the Plasters, when the court declined to hold an evidentiary hearing and made a ruling based on the record before it, EFWR should have objected. However, once a ruling is issued, there is no requirement that a party object or move for reconsideration. Moreover, even if we assume that EFWR should have objected—and we emphasize we are not making that finding here—when there is a factual dispute, it is the circuit court's duty to resolve the dispute. *See Midwest Neurosciences Assocs., LLC v. Great Lakes Neurosurgical Assocs., LLC*, 2018 WI 112, ¶6, 384 Wis. 2d 669, 920 N.W.2d 767; *Barney v. Mickelson*, 2020 WI 40, ¶32, 391 Wis. 2d 212, 942 N.W.2d 891 ("It is the function of the trier of fact, and not of an appellate court, to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." (one set of brackets and citations omitted)).